UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHAD EDWARD WARRICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:16 C 1518 |
| | ) | Hon. Marvin E. Aspen |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Petitioner Chad Edward Warrick's motion pursuant to 28 U.S.C. § 2255 to vacate and reduce his sentence. Warrick argues his sentence was unlawfully enhanced under both the career offender guideline and by the application of 18 U.S.C. § 924(c)'s mandatory sentence structure, because each requires a finding that the defendant committed a "crime of violence" under the unconstitutional residual clause defining the term. (Mot. (Dkt. No. 1) at 1.) For the reasons set forth below, we deny Warrick's motion.

## BACKGROUND

Warrick was indicted on charges of (1) armed bank robbery "by force and violence, and by intimidation," in violation of 18 U.S.C. §§ 2113(a) and (d), and 18 U.S.C § 2 (Count One); and (2) using, carrying, brandishing, and discharging a firearm during a federal crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). (Case No. 3:12 CR 159–1 ("Crim. Dkt.") Dkt. No. 20.) Warrick, along with two accomplices, robbed a branch of the Pinnacle Bank located at 4715 Andrew Jackson Parkway in Hermitage, Tennessee on July 24, 2012. (Plea Agreement (Crim. Dkt. No. 96) ¶ 8(a).) Warrick entered the bank, removed a .45 caliber pistol

from his waistband, and pointed it at a teller while demanding money.  (*Id.* ¶ 8(b).)  Unaware that a robbery was in progress, another bank employee walked out of the break room.  (*Id.* ¶ 8(c).)  Warrick pointed the pistol at the employee and yelled "NO POLICE!" (*Id.*)  The employee ran into a conference room and closed the door.  (*Id.*)  Warrick turned and fired a single shot from the pistol in the direction of the employee through the closed door she was hiding behind.  (*Id.*)  The bullet did not strike any person, but wood chips caused by the bullet passing through the door struck the employee.  (*Id.*)  Warrick then took $3,915.00 in cash from the teller and departed the bank on foot before leaving in a getaway car.  (*Id.* ¶¶ 8(d), 8(f).)

Warrick pled guilty to both counts in the indictment pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).  Warrick qualified as a career offender under U.S.S.G. § 4B1.1 and was sentenced to a total of 300 months imprisonment on December 16, 2014, comprised of a total of 180 months on Count One and a mandatory consecutive sentence of 120 months on Count Two.  (Crim. Dkt. No. 117.)  Warrick did not appeal his conviction.

On June 23, 2016, Warrick filed the instant motion to vacate and reduce his sentence pursuant to 28 U.S.C. § 2255.  Warrick argued the enhancements to his sentence under the career offender guideline, U.S.S.G. § 4B1.1, and by application of his conviction for possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A), depend on a definition of "crime of violence" declared unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* Mot. at 1.)  The proceedings on Warrick's motion were stayed pending the outcome of proceedings in the Supreme Court potentially bearing on Warrick's claims.  (*See* Dkt. Nos. 11, 15.)  We lifted the stay on June 13, 2018.  (Dkt. No. 17.)  The government filed a response to the motion, along with supplemental briefs in support of its

2

position that Warrick is not entitled to relief. (Dkt. Nos. 7, 12, 20.) We have also considered Warrick's supplemental filings in support of his motion. (*See* Dkt. Nos. 10, 14, 16.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, correct, or set aside his sentence, among other reasons, "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). In order to succeed, a prisoner seeking relief under § 2255 must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)); *see also Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009). The petitioner bears the burden of setting forth facts which entitle him to relief. *Green v. Wingo*, 455 F.2d 52, 53 (6th Cir. 1972).

## ANALYSIS

Warrick argues he is entitled to relief under § 2255 because his conviction for armed bank robbery does not qualify as a "crime of violence" under § 924(c)(3)(A) or (B).[1] Section 924(c) imposes a mandatory minimum sentence for using, carrying, or, in furtherance of the crime, possessing a firearm "during and in relation to any crime of

---

[1] Warrick's motion also contested the constitutionality of his career offender enhancement under the sentencing guidelines, arguing that federal bank robbery does not qualify as a predicate "crime of violence" after *Johnson*. *See* U.S.S.G. § 4B1.2. The Supreme Court recently held that the advisory sentencing guidelines are not subject to the vagueness challenge identified in *Johnson*. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Warrick concedes that *Beckles* eliminates his challenge to his career offender status, and we thus do not address it.
(Dkt. No. 14 at 2.) However, he maintains the holding in *Beckles* does not affect his claim that his conviction under § 924(c) is unconstitutional. (*Id.*)

3

violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as an offense that is a felony and either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(A)–(B). Subsection (A) is known as the "elements" or "use-of-force" clause, and subsection (B) is referred to as the "residual" clause.

Warrick argues his conviction and increased sentence imposed under § 924(c) rely on a definition of "crime of violence" materially indistinguishable from the definition of "violent felony" in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which the Supreme Court struck down as unconstitutionally vague in *Johnson*. (Mot. at 3.) As a result, he contends his federal armed robbery conviction no longer qualifies as a predicate crime of violence. (*Id.*) The ACCA mandates a minimum fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Similar to the definition of "crime of violence" in § 924(c)(3)(B), the ACCA's residual clause defines "violent felony" as any crime that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii). The Supreme Court held the residual clause was so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges," and therefore, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. Warrick contends the same reasoning renders § 924(c)(3)(B)'s residual clause unconstitutional. (Mot. at 2–4.)

However, we need not decide whether the residual clause of § 924(c)(3)(B) is unconstitutional under *Johnson*,[2] as Warrick's claim is foreclosed for a separate reason: his conviction for armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) qualifies as a crime of violence under the use-of-force clause of § 924(c)(3)(A). In determining whether a conviction is a crime of violence under the use-of-force clause, we employ a categorical approach and look to the elements of the statute itself, not the particular facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 2160 (1990). A person commits bank robbery if he "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . . ." 18 U.S.C. § 2113(a). Armed bank robbery further requires showing the defendant "assault[ed] . . . . or put[] in jeopardy the life of any person by the use of a dangerous weapon or device" in committing the bank robbery. *Id.* § 2113(d). Warrick was charged with and pled guilty to committing armed bank robbery "by force and violence and by intimidation." (Crim. Dkt. No. 20 at 1; Plea Agreement ¶¶ 1–3.)

---

[2] As Warrick acknowledged, the Sixth Circuit previously rejected the argument that the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson*. *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (finding "several factors distinguish the [ACCA's] residual clause from § 924(c)(3)(B)" and therefore, the "argument that *Johnson* effectively invalidated § 924(c)(3)(B) is accordingly without merit"). However, while Warrick's motion was pending, the Supreme Court decided *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), holding the residual clause of 18 U.S.C. § 16, which uses language identical to § 924(c)(3)(B) to define "crime of violence," was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1216. The government concedes that the constitutionality of the residual clause of § 924(c)(3)(B) and whether *Taylor* remains good law in light of *Dimaya* are open questions in the Sixth Circuit. (Gov. Suppl. Resp. (Dkt. No. 20) at 1.) *See also United States v. Richardson*, No. 17–2157, — F.3d —, 2018 WL 4924782, at *5 (6th Cir. Oct. 11, 2018) ("Nevertheless, we leave the continuing viability of *Taylor* to another day.").

An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence. *See United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018). Warrick does not dispute that bank robbery by "force and violence" necessarily entails the use of violent physical force, but he argues that because bank robbery can be accomplished merely by intimidation, it does not require an intentional threat of violent physical force and therefore does not qualify as a crime of violence under the use-of-force clause. (Mot. at 4.) However, the Sixth Circuit has rejected this argument, holding bank robbery even by intimidation "involves the threat to use physical force." *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 830 (2017) (holding a conviction under § 2113(a) qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(1), which is nearly identical to § 924(c)(3)(A), finding that bank robbery by "force and violence" or by "intimidation" satisfies the definition); *see also United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018), *cert. denied*, No. 17–8629, 2018 WL 1993618 (U.S. Oct. 1, 2018) ("A necessary element of bank robbery is the use of 'force and violence' or 'intimidation.' 18 U.S.C. § 2113(a). And intimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the 'threatened use of physical force' as crimes of violence."); *Moultrie v. United States*, No. 17–1791, 2017 WL 6811838, at *2 (6th Cir. Oct. 18, 2017), *cert. denied*, 138 S. Ct. 1017 (2018) (concluding bank robbery by force *or* intimidation

under § 2113(a) constitutes a crime of violence under the use-of-force clause).[3]  Accordingly, armed bank robbery satisfies the use-of-force clause of § 924(c)(3)(A) and constitutes a "crime of violence" notwithstanding any vagueness challenge to the residual clause of § 924(c)(3)(B). We therefore deny Warrick's § 2255 motion.

## CERTIFICATE OF APPEALABILITY

Finally, we decline to enter a certificate of appealability in Warrick's case.  The Rules Governing § 2255 Proceedings require that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule Governing § 2255 Proceedings 11(a).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  That is, Warrick must make a substantial showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 (1983)).  Specifically, Warrick "must demonstrate that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong."  *Id.* at 484, 120 S. Ct. at 1604.

---

[3] Other circuits have similarly held that bank robbery committed "by force and violence, or by intimidation" constitutes a crime of violence under the use-of-force clause of § 924(c)(3)(A). *See United States v. Johnson*, 899 F.3d 191, 203–04 (3d Cir. 2018); *United States v. Watson*, 881 F.3d 782, 785 (9th Cir. 2018), *cert. denied*, No. 18–5022, 2018 WL 3223705 (U.S. Oct. 1, 2018); *Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017); *United States v. Brewer*, 848 F.3d 711, 715–16 (5th Cir. 2017); *United States v. Williams*, 864 F.3d 826, 827 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 272 (2017); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 164 (2016); *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016).

Here, Warrick has not made a substantial showing that his conviction under § 924(c) is unconstitutional because federal armed bank robbery constitutes a "crime of violence" under the use-of-force clause of § 924(c)(3)(A). Because we find that no reasonable jurists would differ on our disposition of Warrick's § 2255 motion, we decline to issue a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, Warrick's motion pursuant to 28 U.S.C. § 2255 is denied. It is so ordered.

								_____
								Marvin E. Aspen
								United States District Judge

Dated: November 7, 2018
           Chicago, Illinois